IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY RADLEY,<br><br>Plaintiff,<br><br>vs.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | 4:23CV3127<br><br>**RESTRICTED**<br><br>**FINDINGS AND RECOMMENDATION** |

Plaintiff Jeremy Radley seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final administrative decision of Martin O'Malley,[1] Acting Commissioner of the Social Security Administration ("Commissioner"). Now pending before the Court is Radley's Motion for Judgment on the Pleadings,[2] (Filing No. 19), and the Commissioner's Motion for an Order Affirming his Decision. (Filing No. 21). Both motions were referred to the undersigned magistrate judge by The Honorable Robert F. Rossiter, Jr., Chief United

---

[1] Martin O'Malley is the current Commissioner and is automatically substituted as a party for Kilolo Kijakazi. Fed. R. Civ. P. 25(d) (public "officer's successor is automatically substituted as a party"); 42 U.S.C. § 450(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security . . . .").

[2] The undersigned notes that Radley's motion (Filing No. 19) is styled as a Rule 12(c) Motion for Judgment on the Pleadings in violation of General Order No. 2022-13. (Filing No. 4). Neither party addresses this error. The undersigned analyzes Radley's motion as a motion for an order reversing the Commissioner's decision.

States District Judge. Being fully advised in the premises, the undersigned now finds and recommends as follows:

## PROCEDURAL HISTORY

On January 26, 2021, Radley filed a Title II application for a period of disability and disability insurance benefits and protectively filed a Title XVI application for supplemental security income. Radley alleged a disability onset date of August 18, 2020 in both applications. Radley's claims were initially denied on September 10, 2021, (Filing No. 13-3 at 2–3), and upon reconsideration on March 31, 2022. (Filing No. 13-3 at 26–27).

Radley requested a hearing before an Administrative Law Judge ("ALJ"). Radley and his counsel appeared for a telephone hearing[3] on August 4, 2022. (*See* Filing No. 13-2 at 47–64 (hearing transcript)). The ALJ issued a decision denying Radley's applications on October 5, 2022. (Filing No. 13-2 at 11–24). The Appeals Council denied Radley's request for review on May 30, 2023. (Filing No. 13-2 at 2–7). Accordingly, the ALJ's decision stands as the Commissioner's final decision. *See Kraus v. Saul*, 988 F.3d 1019, 1023 (8th Cir. 2021).

## BACKGROUND

Dr. Justin Westengaard prescribed a cane for Radley on September 24, 2021 for the duration of a year. The ALJ found this cane was not medically necessary and subsequently excluded the cane from the residual functional capacity ("RFC") and the hypothetical questions posed to the vocational expert ("VE"). The parties' sole dispute is whether the ALJ (1) properly found the cane was not medically necessary and (2) properly

---

[3] Radley consented to a telephonic hearing due to the COVID-19 pandemic. (Filing No. 13-4 at 72–73).

disregarded Dr. Westengaard's opinion prescribing the cane. The undersigned briefly outlines the facts pertaining to this dispute below.

**August 2020–March 2021**: *Social Security Applications.*

Radley alleges a disability onset date of August 18, 2020 in both applications. On March 28, 2021, Radley and his wife both completed Function Reports. Neither checked the box indicating Radley uses a cane. (Filing No. 13-6 at 36 (Third Party Function Report); Filing No. 13-6 at 44 (Radley's Function Report)).

**September 24, 2021**: *Dr. Westengaard Prescribes Cane.*

On September 24, 2021, Radley reported to Dr. Westengaard for an appointment. He self-reported that "his knee is now starting to give out so he has been using a cane some of the time." (Filing No. 15-1 at 31). Dr. Westengaard noted in his physical exam that Radley's gait was antalgic. (Filing No. 15-1 at 34). He also noted there was a bunion on Radley's foot, and he referred Radley to podiatry because the bunion "seems to be affecting his gait." (Filing No. 15-1 at 35). Dr. Westengaard then prescribed Radley a cane for daily use for his "back and leg pain," opining that "a lot of his back issues are related to his obesity" and that the cane "tends to help him offload weight on that side." (Filing No. 15-1 at 35).

**November 3, 2021**: *Bariatric Surgery.*

Radley subsequently underwent bariatric surgery on November 3, 2021. (Filing No. 15-1 at 127). His postoperative instructions indicate he was ambulating with a cane when he was discharged. (Filing No. 15-1 at 164–65).

**November–April 2022**: *Documented Use of Cane.*

The record inconsistently documents Radley's cane use after the bariatric surgery. During Radley's follow-up appointments at the Bryan Bariatric Program from November 2021 to April 2022, the review of systems notes that Radley "[a]mbulates independent, no concerns." (*See, e.g.*, Filing No. 15-1 at 153 (11/17/21); Filing No. 15-1 at 392 (12/8/21); Filing No. 15-1 at 428 (1/31/22); Filing No. 15-1 at 415 (4/18/22)).

In contrast, during Radley's subsequent appointments at Community Medical Center from October 2021 to April 2022, the cane continues to appear on the list of Radley's medications. (*See, e.g.*, Filing No. 15-1 at 27–28 (10/20/21); Filing No. 15-1 at 22–23 (10/26/21); Filing No. 15-1 at 19 (11/09/21) (active medications list only); Filing No. 15-1 at 457–58 (4/12/22); *see also* Filing No. 15-1 at 451 (4/19/22) (OrthoMidwest)). Specifically, the active medications list notes that Dr. Westengaard prescribed the cane for one year—from September 24, 2021, to September 23, 2022. The medication reconciliation list notes that Radley is "taking [the cane] as directed." (*See, e.g.*, Filing No. 15-1 at 27–28).

**August 2022**: *Appeal and Telephone Hearing Before ALJ.*

Radley indicated on his Appeal Disability Report, dated April 11, 2022, that since he "last told [the Commissioner] about [his] activities" he now "[w]alks with a cane all the time." (Filing No. 13-6 at 81). During the telephone hearing scheduled before the ALJ on August 4, 2022, Radley testified that he "still walk[s] with a cane" despite the bariatric surgery. (Filing No. 13-2 at 55). He also testified that his "back has gotten to the point now where [he] actually ha[s] to walk with a cane" because his "right leg goes numb from [his] hip all the way to [his] foot." (Filing No. 13-2 at 55).

**September 23, 2022**: *Cane Prescription Terminates.*

The medical records indicate that Radley's cane prescription was scheduled to stop on September 23, 2022. (*See, e.g.*, Filing No. 15-1 at 27). There is no opinion in the record, from Dr. Westengaard or another physician, that Radley no longer needed the cane after he lost weight following the bariatric surgery. There is also no record indicating that Dr. Westengaard re-prescribed the cane after the original prescription terminated.

**October 5, 2022**: *ALJ Written Opinion.*

On October 5, 2022, the ALJ issued his written opinion denying Radley's applications using the five-step disability evaluation analysis in the Social Security regulations.[4] (Filing No. 13-2 at 11–24). The ALJ first found (Step 1) that Radley had not engaged in substantial gainful activity since August 18, 2020 (the alleged onset date) and then found (Step 2) that Radley suffers from the following medically determinable severe impairments: obesity, disc bulges, compression deformities of the lumbar spine, and diverticulitis. (Filing No. 13-2 at 14). At Step 3, the ALJ found that Radley's impairment or combination of impairments was not severe enough to equal the severity of the impairments listed in the regulations. (Filing No. 13-2 at 15).

The ALJ then found that Radley has the RFC to perform sedentary work within certain parameters. (Filing No. 13-2 at 16). To determine Radley's RFC, the ALJ disregarded Dr. Westengaard's opinion prescribing the cane because the ALJ did not find it persuasive. (Filing No. 13-2 at 22). The ALJ also excluded the cane from the RFC because he found that it was not medically necessary. (Filing No. 13-2 at 22).

---

[4] *See* 20 CFR §§ 404.1520(a)(4), 416.920(a)(4).

At Step 4, the ALJ found that Radley was unable to perform past relevant work. (Filing No. 13-2 at 23). At Step 5, the ALJ considered Radley's age, education, work experience, and RFC and concluded there are jobs existing in significant numbers in the national economy that Radley can perform. (Filing No. 13-2 at 23). Accordingly, the ALJ found that Radley was not disabled and denied his applications. (Filing No. 13-2 at 24).

The sole issue Radley raises on appeal is limited to the ALJ's RFC determination and subsequent Step 5 conclusion that there are jobs existing in significant numbers in the national economy that Radley can perform. (*See* Filing No. 19-3 at 7, 15). Radley does not challenge the ALJ's Step 3 finding that his impairment or combination of impairments was not severe enough to equal the severity of the impairments listed in the regulations. The undersigned now finds and recommends that the Court remand the case for further administrative proceedings.

## LEGAL STANDARD

The Court reviews a decision denying disability benefits by analyzing whether the ALJ's decision was "supported by substantial evidence in the record as a whole." *Mya Y. v. Saul*, No. 20-CV-1296, 2021 WL 3023691, at *2 (D. Minn. June 28, 2021) (citing 42 U.S.C. § 405(g)) (collecting cases). Substantial evidence is "less than a preponderance but . . . enough that a reasonable mind would find it adequate to support the conclusion." *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010) (quoting *Kluesner v. Astrue*, 607 F.3d 533, 536 (8th Cir. 2010)). The Court considers evidence that supports and evidence that detracts from the ALJ's decision. *Mulhall v. Colvin*, No. 8:11-CV-441, 2013 WL 959003, at *2 (D. Neb. Mar. 12, 2013). The Court must affirm a denial of benefits if it is "possible to

draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings." *Jones*, 619 F.3d at 968 (quoting citation omitted).

## ANALYSIS

Radley alleges that, in determining the RFC, the ALJ (1) impermissibly drew his own inferences from the medical records, (2) improperly discounted Dr. Westengaard's opinion prescribing the cane without evaluating its supportability and consistency, and (3) failed to develop the record. Radley alleges these errors resulted in the ALJ omitting Radley's cane use from the hypothetical questions posed to the VE. Accordingly, Radley argues the ALJ erred at Step 5 when he found there are jobs existing in significant numbers in the national economy that Radley can perform. Radley moves the Court to remand to the ALJ for further proceedings.

The Commissioner alleges he properly found the cane was not medically necessary. Accordingly, he asserts it was proper to exclude the cane from the RFC and the hypothetical questions posed to the VE. The Commissioner moves the Court to dismiss Radley's complaint and affirm his decision.

The undersigned agrees the ALJ impermissibly drew his own inferences from the medical records and improperly found the cane was not medically necessary. Accordingly, the undersigned recommends the Court remand the case for further administrative proceedings. The undersigned also recommends the Court remand the case because the ALJ failed to evaluate the consistency of Dr. Westengaard's opinion.

**I.    The ALJ Improperly Found the Cane Is Not Medically Necessary.**

The ALJ was tasked with determining whether Radley's cane is medically necessary. Given the circumstances at hand, the Court cannot step into the ALJ's shoes

and determine on appeal whether Radley provided sufficient medical documentation to prove the cane is medically necessary. The undersigned has reviewed the ALJ's reasoning and concludes the ALJ improperly determined the cane was not medically necessary based on an improper medical inference. This error is not harmless, so the undersigned ultimately recommends the Court remand the case for further administrative proceedings.

### A. *The ALJ's Determination that the Cane Is Not Medically Necessary is Based on an Improper Medical Inference.*

"A claimant's RFC is 'the most' that the claimant can do in a work setting despite [their] limitations." *Austin v. Kijakazi*, 52 F4th 723, 730 (8th Cir. 2022) (quoting *Schmitt v. Kijakazi*, 27 F.4th 1353, 1360 (8th Cir. 2022)). "The [ALJ] must determine a claimant's RFC based on all of the relevant evidence, including the medical records, observations of treating physicians and others, and an individual's own description of [their] limitations." *Id.*

In determining the RFC, the ALJ "may not draw upon [its] own inferences from medical reports." *Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2000) (quoting *Lund v. Weinberger*, 520 F.2d 782, 785 (8th Cir. 1975)). "An ALJ draws improper inferences from the record" by relying "on [its] own interpretation of the relevance of ambiguous treatment notes." *Kribble v. Kijakazi*, 663 F. Supp. 3d 1016, 1027 (E.D. Mo. 2023). Put simply, the ALJ cannot "play doctor." *Id.* (quoting *Adamczyk v. Saul*, 817 F. App'x 287, 289 (8th Cir. 2020)).

As set forth above, the issue before the Court is the ALJ's finding regarding the medical necessity of the cane. An ALJ is only required to consider limitations arising out of a claimant's cane usage "if the cane is 'medically necessary' or 'medically required.'"

*Mya Y.*, 2021 WL 3023691, at *4 (quoting SSR 96-9p, 1996 WL 374185, at *7). The Court is limited to reviewing the reason provided by the ALJ for a finding on medical necessity. The Court may not substitute its own judgment for the ALJ[5] and justify the ALJ's reasoning post hoc. *SEC v. Chenery Corp.*, 318 U.S. 80, 95 (1943) (the Court cannot affirm an administrative order "unless the grounds upon which the agency acted in exercising its powers were those upon which its action can be sustained.'"); *see also Paris F. v. Kijakazi*, No. 22-CV-282, 2023 WL 5403909, at *10 (D. Minn. Aug. 22, 2023) ("It is not the role of this Court to speculate on the reasons that might have supported the ALJ's decision or supply a reasoned basis for that decision that the ALJ never gave."); *John B. v. Saul*, No. 20-CV-4080, 2021 WL 1192930, at *27 (D.S.D. Mar. 30, 2021) (quoting *Lucas v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020)) ("[[T]he court] will not fill in the gaps for the ALJ.").

In the instant case, the ALJ found Radley's cane did "not appear to be medically necessary on a sustained, 12 month basis." (Filing No. 13-2 at 22). The ALJ's finding is replicated below:

> In accordance with section 404.1520c, the undersigned has considered the opinion of Dr. Westengaard (Exhibit 12F), who prescribed a cane. He noted that he prescribed this at the claimant's request and that his back issues were related to his obesity. It does not appear to be medically necessary on a sustained, 12 month basis. Therefore, the undersigned does not find the opinion of a need for a cane persuasive. It is inconsistent with the evidence noting that the claimant subsequently underwent sleeve gastrectomy, and lost a fair amount of weight since.

(Filing No. 13-2 at 22). Earlier in the RFC determination, the ALJ also noted that Radley testified that "he still walks with a cane[] and has problems" and that Dr. Westengaard

---

[5] The Court should not "intrude upon the domain which Congress has exclusively entrusted to an administrative agency." *Chenery Corp.*, 318 U.S. at 88.

opined that the cane "tended to help [Radley] offload weight on that side." (Filing No. 13-2 at 17, 19).

As set forth above, the ALJ explicitly found that Radley's cane was not medically necessary and included an explanation for this finding in the written opinion. Accordingly, the Court is limited in its review to analyzing the rationale the ALJ provided for this finding.[6] The ALJ reasoned that Radley did not need a cane because he lost weight after he was prescribed the cane. The undersigned is unaware of any medical opinion or expert testimony indicating Radley did not need a cane, after the bariatric surgery, due to his weight loss. The ALJ cannot "play doctor" by interpreting the cane prescription and subsequent medical records documenting Radley's weight loss to infer that Radley no longer needs the cane because he lost weight. *See Mandrell v. Kijakazi*, 25 F.4th 514, 518 (7th Cir. 2022) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)) (an ALJ should not "stray[] beyond [its] expertise as an adjudicator and into the forbidden territory of 'play[ing] doctor'")).

The Commissioner argues Radley did not prove the cane was medically necessary because the cane prescription is insufficient medical documentation. While this argument may have merit, this is not the analysis the ALJ undertook. The ALJ did not reason the

---

[6] District courts in the Eighth Circuit disagree as to whether the Court may review the entire record for substantial evidence to support an ALJ's decision when the ALJ fails to explicitly find that a cane is medically necessary. *See Emery v. Berryhill*, No. 17-CV-1988, 2018 WL 4407441, at *3 (D. Minn. Sept. 17, 2018); *Melton v. Kijakazi*, No. 22-5017, 2023 WL 3316350, at *3 (W.D. Ark. Apr. 21, 2023) *adopted in entirety by* No. 5:22-CV-5017, 2023 WL 3312576, *1 (W.D. Ark. May 8, 2023). *But see Mya Y.*, 2021 WL 3023691, at *6; *Williams v. Saul*, No. 19-CV-2332, 2020 WL 5814479, at *10 (E.D. Mo. Sept. 30, 2020).
    Even if the Court may consider the entire record when the ALJ fails to make an explicit finding of medical necessity, this is not the fact pattern presented by the instant case. Here, the ALJ actually found the cane was not medically necessary based on an improper medical inference. The Court cannot examine the entire record to avoid the ALJ's improper inference and justify the ALJ's decision post hoc. Nor can the Court independently find the cane was not medically necessary. As the undersigned concludes, supra, remand is appropriate for the ALJ to make a finding of medical necessity pursuant to the proper analysis.

cane prescription failed to establish a need for Radley to use the cane while walking or standing.[7] Nor did the ALJ reason the cane prescription failed to describe the circumstances in which Radley needed to use the cane. The ALJ independently and improperly inferred from the medical records that, because Radley lost weight, the cane was no longer medically necessary.

The Court cannot step into the shoes of the ALJ to determine whether Radley's cane is medically necessary, especially when the ALJ sets forth explicit reasoning for its medical necessity finding.[8] The ALJ erred because he never determined whether Radley's cane is medically necessary pursuant to the proper analysis.[9] The undersigned now turns to whether this error is harmful.

---

[7] It is the claimant's burden to prove that a cane is medically necessary. *Williams*, 2020 WL 5814479, at *10. A cane is medically necessary if there is "medical documentation" that: (1) "establish[es] the need for a [cane] to aid in walking or standing," and (2) "describe[s] the circumstances for which it is needed (i.e., whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, at *7.

[8] Whether a cane is medically necessary is a question of fact. SSR 96-9p, 1996 WL 374185, at *7 (in determining whether a cane is medically required "[t]he adjudicator must always consider the particular facts of a case"); *see also Thomas v. Colvin*, 534 F. App'x 546, 550 (7th Cir. 2013) (remanding when the ALJ failed to find whether the cane was medically necessary, leaving the appellate court "without a finding to review"). The Court cannot make factual findings when reviewing an ALJ's decision. *See Collins v. Astrue*, 648 F.3d 869, 871 (8th Cir. 2011) (the Court's role "[w]hen considering whether the ALJ properly denied social security benefits" is to "determine whether the decision is based on legal error, and whether the findings of fact are supported by substantial evidence in the record as a whole"); *see also Powers v. Apfel*, 207 F.3d 431, 434–35 (7th Cir. 2000) (internal citation omitted) ("Because the [ALJ] is responsible for weighing the evidence, resolving conflicts and making independent findings of fact . . . this Court may not decide the facts anew, re-weigh the evidence or substitute its own judgment for that of the [ALJ] to decide whether a claimant is or is not disabled.").

[9] Radley also argues the ALJ in the instant case "abrogated" his duty to develop the record by "rel[ying] upon his own lay interpretation of the record to determine that [Radley's] use of a cane was no longer medically necessary." (Filing No. 19-3 at 14); *see generally Burton v. Kijakazi*, No. 20-CV-1230, 2022 WL 4598528, at *10 (E.D. Mo. Sept. 30, 2022) (quoting *Byes v. Astrue*, 687 F.3d 913, 916 (8th Cir. 2012)) ("An ALJ has a duty to fully and fairly develop the record, and failure to do so is reversible error when the record 'does not contain enough evidence to determine the impact of a claimant's impairment on [their] ability to work.'"). The undersigned declines to address this argument. As discussed in this section, the undersigned agrees the ALJ relied on an improper medical inference to conclude that Radley's cane is not medically necessary. Since the ALJ never conducted the proper analysis, it remains the ALJ's duty on remand to develop the record if this issue is undeveloped.

### B. *The ALJ's Finding that the Cane is Not Medically Necessary is Harmful Error.*

If the ALJ's incorrect reasoning constitutes harmless error, the Court should still affirm the Commissioner's decision. *See, e.g.*, *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021) (deficits in opinion writing with "no practical effect on the outcome of the case" do not constitute reversible error). If the Court is unable to determine whether the ALJ would have reached the same decision regardless of the error, the Court should reverse or remand for further proceedings. *Lucas*, 960 F.3d at 1069 (error is harmless if the Court can still determine "the ALJ would have reached the same decision denying benefits" after "follow[ing] in the proper procedure"). Remand is appropriate, "out of proper deference to the ALJ," "[i]n the face of a finding of an improper denial of benefits, but the absence of overwhelming evidence to support a disability finding by the Court." *John B.*, 2021 WL 1192930, at *37 (quoting *Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000)).

At Step 5, the burden shifts to the Commissioner to prove the claimant is still able to work. *See Groeper v. Sullivan*, 932 F.2d 1234, 1235 n.1 (8th Cir. 1991). "If the claimant suffers from a nonexertional impairment[10] that limits [their] ability to perform the full range of work in one of the specific categories set forth in the guidelines, the [Commissioner's] burden can be met only through the testimony of a [VE]." *Id.* "Testimony based on hypothetical questions that do not encompass all relevant impairments cannot constitute substantial evidence to support the ALJ's decision. Hypothetical questions should set forth impairments supported by substantial evidence on the record and accepted as true

---

[10] Nonexertional impairments are "[l]imitations or restrictions which affect your ability to meet the demands of jobs other than the strength demands, that is, demands other than sitting, standing, walking, lifting, carrying, pushing or pulling." 20 C.F.R. § 404.1569a(a); *see also Sawyer v. Astrue*, 775 F. Supp. 2d 829, 840 (E.D.N.C. Apr. 4, 2011) (claimant's cane usage was nonexertional impairment).

and capture the concrete consequences of those impairments." *Jones*, 619 F.3d at 972 (quoting citation omitted).

In the instant case, the ALJ improperly found the cane was not medically necessary. As such, the cane was not encompassed in the limitations of the RFC the ALJ described to the VE in a hypothetical question aimed at discerning whether there are unskilled sedentary jobs Radley can perform. (Filing No. 13-2 at 61). The ALJ and Radley's counsel also asked the VE a few, more specific questions. (Filing No. 13-2 at 61–63). Neither asked the VE a hypothetical that assumed Radley needed a cane.

Accordingly, the ALJ's improper analysis of Radley's cane use tainted the hypothetical questions posed to the VE and, ultimately, the ALJ's conclusion at Step 5 that Radley is not disabled because there are jobs he can perform in the national economy. *Cf. Williams*, 2020 WL 5814479, at *10 (claimant's argument that the ALJ did not include the claimant's cane in the RFC was "largely moot because the VE at [claimant's] hearing testified that [claimant] could do the jobs listed even if he needed to use a cane").

The Court cannot determine, on behalf of the ALJ, whether Radley's cane is medically necessary. Accordingly, the Court cannot assess whether the ALJ improperly excluded the cane from the RFC and resulting hypothetical to the VE. Similarly, the Court does not know whether the VE would have concluded there are jobs existing in significant numbers in the national economy that could be performed by a hypothetical individual who uses a cane and is of Radley's age, education, work experience, and RFC. Since the Court cannot determine whether the ALJ would have reached the same conclusion if

the ALJ properly analyzed the medical necessity of Radley's cane, this error is not harmless. Remand is appropriate.

II. **The ALJ Did Not Properly Evaluate the Consistency of Dr. Westengaard's Opinion.**

Radley also argues the ALJ never properly assessed the supportability and consistency of Dr. Westengaard's opinion prescribing the cane. The undersigned's conclusion in the preceding section is determinative. The undersigned nonetheless analyzes the merits of this second argument and finds that remand is also appropriate because the ALJ failed to evaluate the consistency of Dr. Westengaard's opinion.

ALJs are required to evaluate medical opinions pursuant to a five-factor analysis outlined by the regulations.[11] 20 C.F.R. §§ 416.920c, 404.1520c(c). The "most important factors" are "supportability" and "consistency." §§ 416.920c(a), 404.1520c(a). The ALJ is only required to explain its analysis for the supportability and consistency factors in the written opinion. §§ 416.920c(b)(2), 404.1520c(b)(2).

*Supportability*

The supportability factor requires the ALJ to assess whether a medical opinion is "supported by objective medical evidence and explanations" by weighing how well the opinion "present[s] 'relevant . . . objective medical evidence and supporting explanations.'" *John B.*, 2021 WL 1192930, at *25 (quoting § 404.1520c(c)(1)). Generally, an opinion that "consist[s] of nothing more than vague, conclusory statements—checked boxes, circled answers, and brief fill-in-the-blank responses[,] . . . cite[s] no medical

---

[11] The Social Security Administration promulgated new regulations that apply to claims filed after March 2017. Radley filed his Title II application and protectively filed his Title XVI application in January 2021. Accordingly, the new regulations apply to Radley's applications.

evidence and provide[s] little to no elaboration . . . possess[es] 'little evidentiary value.'" *Thomas v. Berryhill*, 881 F.3d 672, 675 (8th Cir. 2018).

In the instant case, the ALJ assigned Dr. Westengaard's opinion little evidentiary weight in part because Dr. Westengaard prescribed the cane at the claimant's request. (Filing No. 13-2 at 22). This is an appropriate reason to discount the persuasiveness of a medical opinion. *See Austin*, 52 F.4th at 729 (upholding an ALJ's supportability analysis when the ALJ assigned little weight to a medical opinion that 'relied heavily on the claimant's subjective description of her symptoms and limitations'"). It is also supported by Dr. Westengaard's medical record, which states: "[Radley] does use a cane on the right side. It is his grandma's. He is wondering if he can get a cane. I did send in a prescription for a cane for him. It tends to help him offload weight on that side." (Filing No. 15-1 at 35).

The ALJ sufficiently assessed the supportability of Dr. Westengaard's opinion under the regulations. The undersigned accordingly turns to the issue of whether the ALJ properly assessed the consistency factor.

### *Consistency*

The consistency factor requires the ALJ to assess whether the "opinion [is] consistent with the other evidence of record." *Bonnett v. Kijakazi*, 859 F. App'x 19, 20 (8th Cir. 2021). "The more consistent a medical opinion[] . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive" it is. §§ 416.920c(c)(2), 404.1520c(c)(2). Remand is appropriate when an ALJ fails to appropriately evaluate the consistency factor. *Bonnett*, 859 F. App'x at 20; *see also John B. v. Saul*, 2021 WL 1192930, at *27 (remanding because "the ALJ did not specify its

reasoning, and the court will not guess" whether a medical opinion is inconsistent nor "rehabilitate the ALJ's decision with post hoc rationalizations").

For instance, in *Bonnett v. Kijakazi*, the ALJ did not comply with the regulations and failed to discuss whether a doctor's opinion was consistent with the other evidence. 859 F. App'x at 20. Although the Commissioner argued on appeal that the doctor's opinion was, in fact, not consistent, the Eighth Circuit remanded the matter because the ALJ never made this finding. *Id.* (citing *Chenery Corp.*, 318 U.S. at 87) ("[R]eviewing court may not uphold agency decision based on reasons not articulated by agency itself in its decision.").

The ALJ found Dr. Westengaard's opinion "inconsistent with the evidence noting that the claimant subsequently underwent sleeve gastrectomy, and lost a fair amount of weight since." (Filing No. 13-2 at 22). For the reasons the undersigned articulated in the previous section, this is an improper medical inference. The ALJ did not indicate Dr. Westengaard's opinion was inconsistent for any other reason or inconsistent with any other medical records. Accordingly, the ALJ failed to properly evaluate the consistency of Dr. Westengaard's opinion.

Once again, the undersigned cannot guess at the ALJ's reasoning and list medical records that are inconsistent with Dr. Westengaard's opinion.[12] Nor is this error harmless.

---

[12] The undersigned acknowledges the standard of review is extremely deferential to ALJs. *See Jones*, 619 F.3d at 968 (Court should affirm the ALJ's decision if it is "possible to draw two inconsistent positions from the evidence and one of those positions represents the [ALJ's] findings"). The problem in the instant case is that the ALJ's reliance on an improper medical inference limits the Court's review of the ALJ's decision. The ALJ did not identify any other basis for finding Dr. Westengaard's opinion inconsistent. (*See* Filing No. 13-2 at 22). The Eighth Circuit has made it clear that, when an ALJ fails to address whether an opinion is "consistent with the other evidence of record, as required by the applicable regulation[,]" the Court should not affirm on the basis of inconsistencies the Commissioner later identifies. *Bonnett*, 859 F. App'x at 20. Accordingly, the Court cannot rehabilitate the ALJ's consistency finding in the instant case by pointing to medical records that support the ALJ's conclusion. Remand is appropriate as it is the ALJ, not the Court, that determines whether Dr. Westengaard's opinion is consistent with the other evidence.

Like the ALJ's improper medical inference, the ALJ's failure to properly consider Dr. Westengaard's opinion resulted in the ALJ excluding the cane from the RFC and the hypothetical questions to the VE. The undersigned recommends that the Court remand the case for failure to appropriately address the consistency of Dr. Westengaard's opinion.

For the reasons stated above,

**IT IS HEREBY RECOMMENDED** to The Honorable Robert F. Rossiter, Jr., Chief United States District Judge as follows:

1. Plaintiff Radley's Motion for Judgment on the Pleadings be granted.
2. Defendant Commissioner's Motion for Order Affirming his Decision be denied.
3. The case be remanded for further administrative proceedings.

The Commissioner is notified that failing to file an objection to this recommendation as provided in the local rules of this Court may be held to be a waiver of any right to appeal the Court's adoption of the recommendation.

Dated this 20th day of March, 2024.

BY THE COURT:

*s/ Jacqueline M. DeLuca*
United States Magistrate Judge