IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY RADLEY,<br><br>            Plaintiff,<br><br>     v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>            Defendant. | 4:23CV3127<br><br>MEMORANDUM<br>AND ORDER |

      On July 11, 2023, plaintiff Jeremy Radley ("Radley") brought this action (Filing No. 1) against the Commissioner of the Social Security Administration ("Commissioner") challenging the denial of his request for disability benefits. *See* 42 U.S.C. § 405(g) (setting forth the procedure and standards for judicial review of a final decision of the Commissioner). After the Commissioner answered his complaint, Radley filed a Motion for Judgment on the Pleadings[1] (Filing No. 19). Soon thereafter, the Commissioner moved for an "order affirming [his] decision" (Filing No. 21).

      Those motions were referred to the magistrate judge,[2] who carefully reviewed the record and recommended the Court grant Radley's motion and deny the Commissioner's motion (Filing No. 26). *See* 28 U.S.C. § 636(b)(1) (permitting a district court to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion"). On April 23, 2024, the Court accepted that recommendation in its entirety (Filing No. 27) when the parties failed to

---

[1]That motion was construed as one for "an order reversing the Commissioner's decision" in accordance with General Order No. 2022-13 entered in this case (Filing No. 4).

[2]The Honorable Jacqueline M. DeLuca, United States Magistrate Judge for the District of Nebraska.

lodge any timely objections. *See* NECivR 72.2(f); *Leonard v. Dorsey & Whitney LLP*, 553 F.3d 609, 619-20 (8th Cir. 2009). Judgment was entered the same day (Filing No. 28) reversing and remanding the Commissioner's decision in Radley's case.

Now before the Court is Radley's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act ("EAJA") (Filing No. 29). *See* 28 U.S.C. § 2412(d). "The EAJA provides for the award of attorney's fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed $2,000,000 at the time the civil action was filed; and (3) the fees and expenses were 'incurred by that party in [the] civil action' in which it prevailed." *SEC v. Zahareas*, 374 F.3d 625, 630 (8th Cir. 2004) (citing 28 U.S.C. § 2412(d)(1)(A)-(2)(B)); *see also* 28 U.S.C. § 2412(a)(1) (providing a prevailing party in an action against the government may be awarded judgment for costs "incurred by such party in the litigation").

In light of the Court's reversal and remand, Radley asks the Court to award him $7,000 in attorney fees and $26.40 in postal expenses. In support of his motion, Radley has provided an itemized spreadsheet of his counsel's hours, demonstrating the requested fee accounts for 39.3 hours of work at a billing rate of $243.73 an hour, 2.5 hours of work at $240 an hour, and 3 hours of work at a paralegal rate of $120 an hour. The Commissioner does not object to Radley's motion (Filing No. 30) but notes that such an award must be made payable to Radley and "may be subject to offset" under *Astrue v. Ratliff*, 560 U.S. 586, 592-93 (2010).

Based on its review of the parties' submissions, the Court finds Radley is entitled to an EAJA award of $7,026.40 to be paid by the Social Security Administration. Along with meeting the general requirements under the EAJA, Radley timely moved for an award, seeks a reasonable amount, and is a prevailing party in this matter. *See Pottsmith v. Barnhart*, 306 F.3d 526, 527 (8th Cir. 2002) ("To obtain attorney fees under the EAJA, the prevailing party must submit a fee application 'within thirty days of final judgment in the action.'" (quoting 28 U.S.C. § 2412(d)(1)(B))); *see also* 28 U.S.C. § 2412(d)(2)(A)

(stating the Court may award fees in excess of $125 per hour if warranted by an increase in the cost of living).

Although payable to Radley, the EAJA award can be sent to his attorneys for distribution. *See Ratliff*, 560 U.S. at 589-90. Accordingly,

IT IS ORDERED:
1. Plaintiff Jeremy Radley's Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act (Filing No. 29) is granted.
2. Radley is awarded attorney fees and expenses in the amount of $7,026.40.
3. The Social Security Administration shall make the award payable to Radley and deliver the payment to Konoski & Partners, P.C., at its address of record.
4. A separate judgment will issue.

Dated this 2nd day of July 2024.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge