IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEREMY RADLEY,<br><br>Plaintiff,<br><br>v.<br><br>COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,<br><br>Defendant. | **4:23CV3127**<br><br>**MEMORANDUM AND ORDER** |

On April 23, 2024 (Filing No. 27), the Court reversed the denial of plaintiff Jeremy Radley's ("Radley") application for disability benefits under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 401 *et seq.*, and for supplemental security income under Title XVI of the Act, 42 U.S.C. § 1381 *et seq.*, and remanded the matter for further administrative proceedings pursuant to sentence four of § 405(g).

When the parties agreed (Filing Nos. 29, 30) that Radley was entitled to attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), the Court awarded reasonable fees in the amount of $7,026.40, subject to offset (Filing Nos. 31, 32). *See Astrue v. Ratliff*, 560 U.S. 586, 589-90 (2010); 31 U.S.C. § 3716(c)(3)(B).

Now before the Court is a Motion for Attorney Fees pursuant to 42 U.S.C. § 406(b) filed by Kira Treyvus ("Treyvus"), Radley's counsel of record (Filing No. 35). Treyvus seeks attorney fees of $24,419.50, reduced by a "voluntary fee reduction" of $7,000.00. She states that is consistent with her fee agreement with Radley (25% of Radley's $92,182.00 in past-due benefits, plus 25% of Radley's auxiliary backpay of $5,496.00 awarded under the Act) (Filing No. 35-2).

Section 406(b) authorizes the Court to award reasonable attorney fees as part of a favorable judgment on a claim for benefits under the Act. Any such fee award should not

exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment." *Id.* § 406(a). A fee award under § 406(b) generally precludes other fee awards for the same representation. *Id.* § 406(b).

The Commissioner of the Social Security Administration ("Commissioner") "neither supports nor opposes" Treyvus's request for attorney fees (Filing No. 37). Pointing out that Treyvus is the real party-in-interest to the fee request, the Commissioner notes his role in the fee determination "resembl[es] that of a trustee for the claimants." *Gisbrecht v. Barnhart*, 535 U.S. 789, 798 n.6 (2002). The Commissioner defers to the Court to assess the reasonableness of the fee request based on factors identified by the Supreme Court. *See id.* at 807-09; *Jones v. Berryhill*, 699 F. App'x 587, 588 (8th Cir. 2017) (unpublished per curiam) (remanding where the district court failed to do the review required by *Gisbrecht*).

In support of her fee request, Treyvus provides a summary of the 44.8 hours spent litigating this case. Rather than refund the $7,026.40 in EAJA fees already awarded to Radley, Treyvus asks the Court to subtract an even $7,000 from the $24,419.50 requested and issue payment for $17,419.50. *See Gisbrecht*, 535 U.S. at 796 (discussing the reimbursement requirement); *Jackson v. Comm'r of Soc. Sec.*, 601 F.3d 1268, 1272 (11th Cir. 2010) (concluding "the district court could have simply awarded [counsel] the difference between 25% of [the plaintiff's] past-due benefits and the amount of the EAJA fee"). The Commissioner again takes no position on that request but points out that Radley was awarded $7,026.40 under the EAJA—not $7,000.

Upon careful review, the Court finds Treyvus's request for an attorney fee award of $24,419.50 under § 406(b) is fair and reasonable under the circumstances given Treyvus's experience, the work she did, the contingent nature of the fee agreement in this case, and the results she obtained. *See Gisbrecht*, 535 U.S. at 807-08. The Court will also grant Treyvus's request in part and reduce the § 406(b) fee award by the amount of the EAJA

fee award and order that payment be made directly to her. *See Astrue*, 560 U.S. at 595 (citing 42 U.S.C. § 406(b)(1)(A)); 20 C.F.R. § 404.1720(b)(4). Accordingly,

IT IS ORDERED:

1. Attorney Kira Treyvus's Motion for Attorney Fees under 42 U.S.C. § 406(b) (Filing No. 35) is granted in part.
2. Treyvus is awarded § 406(b) attorney fees in the amount of $24,419.50.
3. To effectuate the EAJA refund in this case, payment of that award is reduced by the $7,026.40 previously awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412.
4. The Social Security Administration shall issue payment in the amount of $17,393.10 from plaintiff Jeremy Radley's past-due to Treyvus at her address of record.
5. A separate judgment will issue.

Dated this 13th day of November 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge